**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: DIISOCYANTES ANTITRUST LITIGATION** | **MDL Docket No. 2862** |

**PLAINTIFF RHINO LININGS CORPORATION'S INTERESTED PARTY RESPONSE IN OPPOSITION TO MOTION TO TRANSFER**

Pursuant to Rule 6.1(c) and 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), plaintiff Rhino Linings Corporation ("Plaintiff" or "Rhino Linings") submits this Interested Party Response in Opposition to the pending Motion for Transfer of Related Actions to the Western District of Pennsylvania for Coordinated or Consolidated Pre-Trial Proceedings filed by Utah Foam Products, Inc. While Plaintiff agrees that coordination or consolidation of this action is appropriate, it also agrees with the briefs submitted by C.U.E. Inc. and NCP Coatings, Inc. that the District of New Jersey would be the best venue for transfer, as it has the closest nexus to the facts and events at the core of this litigation, is best suited to the efficient litigation of this matter, and is the venue of choice of more plaintiffs than any other.

**I.   INTRODUCTION**

On June 8, 2018, it was publicly reported that isocyanate producers were the targets of a Department of Justice criminal price-fixing investigation. Since the Department of Justice investigation became publicly known, Plaintiff is aware of eleven civil class action complaints that have been filed against Defendants seeking damages for the same or similar allegations (the "Related Cases"):

| CASE | DISTRICT | DATE |
|---|---|---|
| *Utah Foam Products v. Bayer AG, et al.*, No. 18-cv-00858 | W.D. Pa. | 6/28/18 |
| *Isaac Industries Inc. v. BASF Corp., et al.*, No. 18-cv-12089 | E.D. Mi. | 7/3/18 |
| *C.U.E., Inc. v. BASF AG., et al.*, No. 18-cv-11439 | D. N.J. | 7/6/18 |
| *Unicast, Inc. v. Bayer AG, et al.*, No. 18-cv-3438 | E.D. Pa. | 7/14/18 |
| *Emma Chem. Co. Inc. v. BASF SE, et al.*, No. 18-cv-02958 | E.D. Pa. | 7/16/18 |
| *Era Polymers Prop. Ltd. v. BASF SE, et al.*, No. 18-cv-12357 | E.D. Mi. | 7/30/18 |
| *Elliott Co. of Indianapolis v. Bayer AG, et al.* No. 18-cv-06882 | S.D.N.Y. | 7/31/18 |
| *Rhino Linings Corp. v. BASF SE, et.al.*, No. 18-cv-12864 | D. N.J. | 8/16/18 |
| *Bryn Hill Industries, Inc. v. BASF SE, et.al.*, No. 18-cv-07852 | S.D.N.Y | 8/28/18 |
| *Finishing Solutions, LLC v. Bayer AG, et.al.*, No. 18-cv-01391 | N.D. Ala. | 8/29/18 |
| *NCP Coatings, Inc. v. BASF SE, et al.*, No. 18-cv-13617 | D. N.J. | 9/6/18 |

## II.  ARGUMENT

### A.  The Related Cases Should Be Transferred Under Section 1407.

Pursuant to 28 U.S.C. §1407(a), the Panel may transfer two or more civil cases for pretrial proceedings if the panel finds that the cases "involv[e] one or more common questions of fact," that transferring the cases would serve "the convenience of parties and witnesses," and that transferring the cases will "promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). All of the parties that have filed submissions before this Panel agree that the Related Cases meet these criteria, and Rhino Linings joins them in requesting centralization. All of the Related Cases involve common questions of fact, and without centralization of these actions, there will be a substantial risk of duplicative

discovey and inconsistent rulings spread out over the seven districts where cases have currently been filed. *See, e.g., In re Niaspan Antitrust Litig.*, 971 F.Supp. 2d 1346, 1347 (J.P.M.L. 2013).

### B.   The District of New Jersey is the Most Appropriate Transfer Venue.

Rhino Linings joins the other submissions by C.U.E. Inc. (Dkt No. 38) and NCP Coatings Inc. (Dkt. No. 61) in support of centralization in the District of New Jersey. The District of New Jersey is the location of two defendants' headquarters, Bayer Corporation and BASF Corporation, and is very close to the headquarters of another, Mitsui Chemicals America, located approximately an hour away in Rye Brook, New York.  Because of this, it is the most likely location of critical evidence and witnesses, and thus will serve the convenience of parties and witnesses.  In addition, with close proximity to three international airports, including the Newark airport just minutes away from the Newark courthouse as well as La Guardia Airport and JFK International Airport nearby in New York, the District of New Jersey provides a convenient travel location for both domestic and international parties.

The District of New Jersey is also the most appropriate district as more plaintiffs have chosen to file there than in any other district.  *See supra*, p. 2.  This Panel has recognized the choice of venue by the most plaintiffs as a relevant consideration when deciding the appropriate district for transfer.  *See, e.g., In re: Equifax, Inc., Customer Data Sec. Breach Litig.,* 289 F. Supp. 3d 1322, 1326 (J.P.M.L. 2017); *In re 21st Century Oncology Customer Data Sec. Breach Litig*., 214 F. Supp. 3d 1357, 1358 (J.P.M.L. 2016); *In re: Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, Prod. Liab. Litig*., 704 F. Supp. 2d 1379, 1382 (J.P.M.L. 2010).

As noted in Plaintiff C.U.E. Inc.'s submission before this Panel, the District of New Jersey is an efficient location for major litigation, with significantly more judges available than the Western District of Pennsylvania.  *See* Dkt. No. 38 at p. 7-9.   Docket statistics for the District of New Jersey also show an ability to expediently process and close civil actions. *Id.*   Further, the District of New Jersey has an eminently experienced judge, Hon. William H. Walls, that currently presides over the cases filed there and who has a lower civil caseload than other potential transferee judges.  *Id.*

For these reasons, the District of New Jersey is the most convenient and appropriate transferee forum for the efficient disposition of the Related Actions.

### III.     CONCLUSION

For all of the above reasons, Plaintiff respectfully submits that this Panel should transfer the Related Cases for pretrial coordination or consolidation to the District of New Jersey.

DATED:  September 13, 2018                        HARTLEY LLP

By: s/ *Jason S. Hartley*
Jason S. Hartley
HARTLEY LLP
500 West C Street, Suite 1750
San Diego, CA 92101
Telephone: (619) 400-5822
Facsimile: (619) 400 5832
*hartley@hartleyllp.com*

Jason L. Lichtman
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
*jlichtman@lchb.com*

Elizabeth J. Cabraser
Eric B. Fastiff
Brendan P. Glackin
Dean M. Harvey
Lin Y. Chan
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
*ecabraser@lchb.com*
*efastiff@lchb.com*
*bglackin@lchb.com*
*dharvey@lchb.com*
*lchan@lchb.com*

Daniel J. Mogin
MOGINRUBIN LLP
One America Plaza
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 687-6611
*dmogin@moginrubin.com*

Jonathan Rubin
MOGINRUBIN LLP
1615 M Street, N.W.
Third Floor
Washington, D.C. 20036
Telephone: (202) 630-0616
*jrubin@moginrubin.com*

*Attorneys for Plaintiff*